Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

January 24, 2020

**ECF**

Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

**Re:   *Teresa Helm v. Darren K. Indyke and Richard D. Kahn, as Executors of the Estate of Jeffrey E. Epstein*, 1:19-cv-10476-PGG-DCF**

Dear Judge Gardephe:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write pursuant to Your Honor's Individual Rules I(A) and IV(A) to request a pre-motion conference on the Co-Executors' anticipated motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Teresa Helm's ("Plaintiff") Complaint (ECF No. 1) because it is time-barred, and Plaintiff's demand for punitive damages because it is prohibited as a matter of law.

### 1. Plaintiff alleges Decedent assaulted Plaintiff in 2002 when she was 22 years old.

Plaintiff alleges that Mr. Epstein ("Decedent"), now deceased, sexually assaulted Plaintiff in 2002 in New York when she was 22. (Compl. ¶¶ 1, 11, 36, 49.) Plaintiff asserts two causes of action -- battery and intentional infliction of emotional distress -- and demands punitive damages. (*Id.* ¶¶ 57 – 66, p. 14.)

### 2. Plaintiff's causes of action are time-barred.

The Complaint alleges torts that occurred in New York in 2002. (Compl. ¶¶ 1, 11, 36, 39, 49). Under New York law, causes of action sounding in battery must be commenced within one year of accrual (CPLR § 215(3)); and claims sounding in personal injury, within three years (CPLR § 214(5)). Therefore, Plaintiff's claims expired in 2005 at the latest.

### 3. Plaintiff's attempts to plead around the statutes of limitations fail.

In apparent recognition her claims are time-barred, Plaintiff erroneously alleges that her claims are timely pursuant to CPLR § 215(8)(a), her claims were equitably tolled, and that the Co-Executors are equitably estopped from asserting a statute of limitations defense (Compl. at ¶¶ 12 - 14). Each of these arguments fails as a matter of law.



First, CPLR § 215(8)(a) does not apply here. CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added).

Decedent's criminal indictment (the "Indictment"), which Plaintiff attaches to her Complaint, was not commenced with respect to Plaintiff. Rather, the Indictment alleges that Decedent sexually abused "*minor* girls" (Compl., Ex. A at ¶ 1 (emphasis added)), stating throughout that it concerns sex trafficking of "minors" (*Id.*, Ex. A at ¶¶2 - 4, 6, 8, 11- 15, 18 - 20, 22). Because Plaintiff alleges she was 22 when Decedent assaulted her (*Id.* ¶¶ 11, 36, 49), this action and the Indictment arise from different events or occurrences.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).

*Gallina* is especially instructive. In *Gallina*, an individual sued an attorney for battery and other claims based on the core allegation that, over the courts of 2 years, the attorney committed various sexual misconduct against the plaintiff including sexual assault. 2018 N.Y. Misc. LEXIS 8435, at *1. Defendant had also been criminally charged with forceable touching for incidents that occurred with the plaintiff in 2017. *Id.* at *3. The court dismissed as time-barred plaintiff's battery counts based on incidents alleged to have occurred in 2016. *Id.* at *2-3. The court rejected plaintiff's argument that CPLR § 215(8)(a) applied to the 2016 incidents, finding:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a). The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999]. As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply. *Id.* at *3-4.

Plaintiff asserts a much weaker connection between this action and the Indictment than the one unsuccessfully asserted by the plaintiff in *Gallina* (or the other cited cases). Therefore, the Court should reject Plaintiff's argument for the application of CPLR § 215(8)(a).

January 24, 2020
Page 3



<u>Second</u>, Plaintiff fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel.  Equitable tolling is only applied where a plaintiff is "prevented in some *extraordinary way* from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citing *Smith v. N.Y.C. Dep't of Corr.*, 09-civ-7639, 2010 U.S. Dist. LEXIS 137152, at *2 (S.D.N.Y. 2010); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)).  Under this doctrine, a court may, "under *compelling circumstances*, make *narrow exceptions* to the statute of limitations … 'to prevent inequity.'" *Id.* (emphasis added) (citing *Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *2 (E.D.N.Y. 2010); *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)).  "That the doctrine is to be employed only sparingly -- in '*extraordinary*' and '*compelling*' circumstances -- is reflected in the fact that the plaintiff bears the burden of persuasion to show that tolling is justified." *Id.* (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  A late-filing party seeking equitable tolling must also demonstrate she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll.  *Id.* at *32 (citation omitted).

Equitable estoppel only applies where a plaintiff knows her cause of action exists, but the defendant's conduct causes her to delay bringing suit.  *See Yesh*, 2010 U.S. Dist. LEXIS 101744, at *5 (E.D.N.Y. Sept. 27, 2010) (citing *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)).  "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." *Id.* (quoting *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). Equitable estoppel requires a plaintiff to show:  "(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment." *Id.* (citation omitted).  Tolling is inappropriate where, as here, a plaintiff fails to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit. *See id.* at *6.

Plaintiff does not allege any particularized acts by Decedent that prevented her from exercising her rights. (Compl. ¶¶ 13-14.)  Nor has Plaintiff alleged (i) Decedent made a misrepresentation to her and had reason to believe she would rely on it, or (ii) Plaintiff reasonably relied on it to her detriment.  There is no "extraordinary" basis alleged to toll the statute of limitations or estop the Co-Executors from asserting a statute of limitations defense.

   4. **Plaintiff's claim for punitive damages fails as a matter of law.**

Courts in this District regularly grant motions to dismiss claims for punitive damages.  *See, e.g., See, e.g.*, *The Cookware Co. (USA), LLC v. Austin*, No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's bad faith conduct were conclusory and did not rise to the required level of malice); *SJB v. N.Y.C. Dep't of Educ.*, No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because punitive damages were not statutorily available); *Kunica v. St. Jean Fin.*, 97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867, at *26 (S.D.N.Y. July 29, 1998) (Sweet, J.) (granting motion to dismiss claim for punitive damages because even if conduct alleged in complaint was true, it did not rise to the level necessary to



award punitive damages); *Purdy v. Consumers Distrib. Co.*, 648 F. Supp. 980, 981, 984 (S.D.N.Y. 1986) (Cedarbaum, J.) (granting motion to dismiss claim for punitive damages).

Further, New York law applies to the issue of punitive damages because Plaintiff alleges the torts took place there. *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" (citations omitted)).

The New York Estates, Powers and Trusts Law bars Plaintiff's punitive damages claim: "For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*." NY EPTL § 11-3.2 (a)(1) (emphasis added). That is the law in most U.S. jurisdictions, as reflected in the Restatement. *See Restat. (Second) Of Torts* § 908 cmt. a ("Punitive damages are not awarded against the representatives of a deceased tortfeasor."). "Also, 'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)). Because there are no facts that would render Plaintiff's punitive damages claim proper, there is no reason to allow it to stand.

Respectfully submitted,

*s/Bennet J. Moskowitz*
Bennet J. Moskowitz