UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA HELM,<br><br>        Plaintiff,<br><br>    v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as the executors of the ESTATE OF JEFFREY EDWARD EPSTEIN,<br><br>        Defendants. | Case No. 1:19-cv-10476 (PGG) (DCF) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

          **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

I.      Plaintiff Alleges Decedent Sexually Assaulted Her In 2002, When She Was 22 ............. 2

ARGUMENT ........................................................................................................................ 4

      A.      Legal Standard: Plaintiff's Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Her Causes Of Action Are Insufficient To State A Claim ................................................................................................. 4

      B.      Plaintiff's causes of action expired in 2005 at the latest. ....................................... 4

      C.      Plaintiff's attempts to invoke extraordinary statute of limitations exceptions fail. ........................................................................................................ 4

            i.      CPLR § 215(8)(a) is inapplicable because the Indictment concerned sex trafficking of minors, not adults such as Plaintiff. ............. 4

            ii.     Plaintiff fails to meet her burden to allege "extraordinary" circumstances sufficient to justify tolling or equitable estoppel ................ 8

      D.      Plaintiff's claim for punitive damages fails as a matter of law ............................. 11

CONCLUSION…………………………………………………………………………….13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abercrombie v. College*,
  438 F. Supp. 2d 243 (S.D.N.Y. 2006) ...................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................4

*Christodoulou v. Terdeman*,
  262 A.D.2d 595 (2d Dept. 1999) (CPLR § 215(8)(a) ..........................................................5, 6

*Conklin v. Maidenbaum*,
  12-cv- 3606, 2013 U.S. Dist. LEXIS 113975 (S.D.N.Y. Aug. 13, 2013)
  (Ramos, J.) ............................................................................................................................10

*Crucible Materials Corp. v. N.Y. Power Auth.*,
  50 A.D.3d 1353 (Third Dept. 2008) .......................................................................................8

*Fairley v. Collins*,
  09-Civ-6894 (PGG), 2011 U.S. Dist. LEXIS 26536 (Mar. 15, 2011 S.D.N.Y.)
  (Gardephe, J.) .........................................................................................................................8

*Gallina v. Thatcher*,
  No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct.
  23, 2018) .............................................................................................................................5, 6

*Graham v. Henderson*,
  224 F.R.D. 59 (N.D.N.Y. 2004) ............................................................................................12

*Kashef v. BNP Paribas S.A.*,
  925 F.3d 53 (2d Cir. 2019) ......................................................................................................7

*Kunica v. St. Jean Fin.*,
  97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867 (S.D.N.Y. July 29, 1998) (Sweet, J.) ...............12

*McElligott v. City of N.Y.*,
  15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829 (S.D.N.Y. Dec. 7, 2017) .........................5

*Purdy v. Consumers Distrib. Co.*,
  648 F. Supp. 980 (S.D.N.Y. 1986) (Cedarbaum, J.) .............................................................12

*SJB v. N.Y.C. Dep't of Educ.*,
  No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227 (S.D.N.Y. July 14, 2004)
  (Buchwald, J.) ..................................................................................................................11

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
  No. 14-cv-0463, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015) ..............................12

*The Cookware Co. (USA), LLC v. Austin*,
  No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691 (S.D.N.Y. Dec. 8, 2016)
  (Batts, J.) ..........................................................................................................................11

*Viti v. Guardian Life Ins. Co. of Am.*,
  10-cv- 2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633 (S.D.N.Y. Oct. 5,
  2012) ..................................................................................................................................8

*Yesh Diamonds, Inc. v. Yashaya*,
  No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744 (E.D.N.Y.
  2010) ..................................................................................................................................9

## Statutes

EPTL § 11-3.2 (a)(1) ....................................................................................................................12

New York Estates, Powers And Trusts Law ..................................................................................2

## Other Authorities

97 NY Jur Statutes § 185 ...............................................................................................................7

CPLR § 214(5) ............................................................................................................................1, 4

CPLR § 215(3) ............................................................................................................................1, 4

CPLR § 215(8)(a) .................................................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................1, 8

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), submit this Memorandum of Law in Support of their Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint (ECF No. 1) with prejudice because it is time-barred and Plaintiff's claim for punitive damages because it is prohibited by statute.

## PRELIMINARY STATEMENT

This action is time-barred. Plaintiff alleges that Jeffrey E. Epstein ("Decedent"), now deceased, sexually assaulted her in 2002 in New York, when she was 22. (Compl. ¶¶ 1, 11, 36, 49.) Plaintiff asserts two causes of action -- battery and intentional infliction of emotional distress -- and demands punitive damages. (*Id*. ¶¶ 57 – 66, p. 14.)

Under New York law, causes of action sounding in battery must be commenced within one year of accrual (CPLR § 215(3)); and claims sounding in personal injury, within three years (CPLR § 214(5)). Therefore, Plaintiff's claims expired in 2005 at the latest.

In apparent recognition that her claims are time-barred, Plaintiff erroneously alleges that her claims are timely pursuant to CPLR § 215(8)(a),[1] her claims were equitably tolled, and that the Co-Executors are equitably estopped from asserting a statute of limitations defense (Compl. ¶¶ 12-14). Each of these arguments fails as a matter of law.

CPLR § 215(8)(a) does not apply here because Decedent's criminal indictment (the "Indictment"), which concerns alleged sexual trafficking of *minors*, has nothing to do with Plaintiff, who alleges sexual assault when she was an adult. Plaintiff also fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel.

---

1. CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have at least one year from the termination of the criminal action … to commence the civil action" (emphasis added).

1

Plaintiff's demand for punitive damages must also be dismissed as a matter of law. New York Estates, Powers And Trusts Law expressly bars recovery of punitive damages in a personal injury action brought to recover damages from a decedent tortfeasor's estate—*i.e.*, exactly what Plaintiff attempts to do here.

## STATEMENT OF FACTS

### I. Plaintiff Alleges Decedent Sexually Assaulted Her In 2002, When She Was 22

Much of Plaintiff's Complaint consists of allegations about Decedent's conduct that has no connection to Plaintiff. (*See, e.g.*, Compl. ¶¶ 4-10.) With respect to what allegedly happened to her, Plaintiff, who claims Ohio citizenship and residency, essentially claims that, "[i]n or around September 2002," she was living in California and working to obtain her certificate in massage therapy when a fellow student arranged for her to meet Decedent's employee about the possibility of working as a "traveling masseuse" for a "wealthy couple." (*Id.* ¶¶ 15, 36-38.) According to Plaintiff, Decedent's employee told Plaintiff the position would involve Plaintiff being taken to lavish parties, receiving expensive clothes and international travel. (*Id.* ¶ 38.)

Plaintiff alleges that, two weeks after meeting Decedent's employee to discuss the position, Plaintiff traveled from California to New York City to meet with the couple which included Decedent, during which visit Plaintiff agreed to give Decedent a foot massage. (*Id.* ¶¶ 39-46). Plaintiff alleges that Decedent pressed his foot against "intimate parts of [Plaintiff's] body" and "abruptly grabbed [Plaintiff] and proceeded to sexually assault her against her will" after she got up to leave the room. (*Id.* ¶¶ 46-49.)

Plaintiff alleges that she then returned to California, failed to finish massage therapy "with the same certification that she initially set out to achieve" and "ended up leaving California and moving back to Ohio a few short months after the assault." (*Id.* ¶54). Plaintiff alleges the

assault "deeply affected" her and "continues to cause her significant distress and harm" (*id.* ¶ 55).

Apparently recognizing that her claims are time-barred per the applicable statute of limitations, Plaintiff alleges a few generic legal conclusions that also appear in other time-barred complaints against the Co-Executors that Plaintiff's counsel has filed in this District on behalf of other individuals. Thus, Plaintiff alleges in conclusory fashion:

- This action has been timely filed pursuant to N.Y. C.P.L.R. § 215(8)(a), which provides that a plaintiff shall have at least one year from the termination of a criminal action against the same defendant to commence an action with respect to the event or occurrence from which the criminal action arose. A criminal action against [Decedent] with respect to the same sex trafficking enterprise from which Plaintiff's claims arise was terminated on August 29, 2019. (*Id.* ¶ 12.)

- Any statute of limitations applicable to Plaintiff's claims is tolled due to the continuous and active deception, duress, threats of retaliation, and other forms of misconduct that [Decedent] and his co-conspirators used to silence his victims, including Plaintiff. [Decedent]'s actions deprived Plaintiff of the opportunity to commence this lawsuit before his death. Until his death, Plaintiff feared that [Decedent] and his co-conspirators would harm her or her family, or ruin her life, if she came forward. (*Id.* ¶ 13.)

- Defendants are equitably estopped from asserting a statute of limitations defense. Allowing Defendants to do so would be unjust. [Decedent] and his co-conspirators intimidated each of his victims into silence by threatening their lives and their livelihoods, and therefore prevented Plaintiff from commencing this lawsuit before his death. By using threats, along with his wealth and power, [Decedent] was able to escape punishment for his crimes against countless young women and underage girls for the duration of his life. (*Id.* ¶ 14.)

Plaintiff asserts two causes of action -- battery and intentional infliction of emotional distress -- and demands punitive damages. (*Id.* ¶¶ 57–66, p. 14.)

3

**ARGUMENT**

A.   **Legal Standard: Plaintiff's Legal Conclusions, Labels And Formulaic Recitations Of The Elements Of Her Causes Of Action Are Insufficient To State A Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a Court must normally accept as true all well-pleaded factual allegations in a complaint and draw all inferences in a plaintiff's favor, those principles are "inapplicable to legal conclusions." *Id.* at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007)). Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).

B.   **Plaintiff's causes of action expired in 2005 at the latest**

The Complaint alleges torts sounding in battery that occurred in New York in 2002. (Compl. ¶¶ 1, 11, 36, 39, 49.) Under New York law, causes of action sounding in battery must be commenced within one year of accrual (CPLR § 215(3)); and claims sounding in personal injury, within three years (CPLR § 214(5)). Therefore, Plaintiff's claims expired in 2005 at the latest.

C.   **Plaintiff's attempts to invoke extraordinary statute of limitations exceptions fail.**

   i.   **CPLR § 215(8)(a) is inapplicable because the Indictment concerned sex trafficking of minors, not adults such as Plaintiff**

CPLR § 215(8)(a) does not apply here. CPLR § 215(8)(a) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced *with respect to the event or occurrence from which a claim governed by this section arises*, the plaintiff shall have

4

Case 1:19-cv-10476-PGG-DCF   Document 27   Filed 03/20/20   Page 9 of 18

at least one year from the termination of the criminal action … to commence the civil action" (emphasis added).

Decedent's Indictment, which Plaintiff attaches to her Complaint, was not commenced with respect to Plaintiff. Rather, the Indictment alleges that Decedent sexually trafficked "*minor girls*" (Compl., Ex. A at ¶ 1 (emphasis added)), stating throughout that it concerns sex trafficking of "minors" (*Id.*, Ex. A at ¶¶2 - 4, 6, 8, 11- 15, 18 - 20, 22). Because Plaintiff alleges she was 22 when Decedent assaulted her on a single occasion (*Id*. ¶¶ 11, 36, 49), this action and the Indictment arise from different events or occurrences.

New York courts apply CPLR § 215(8)(a) narrowly. *See Christodoulou v. Terdeman*, 262 A.D.2d 595, 596 (2d Dept. 1999) (CPLR § 215(8)(a) applied only to claims based on events of February 26, 1993 and December 28, 1993, because it was only in connection with events of those two days that a criminal prosecution was commenced against defendant); *Gallina v. Thatcher*, No. 2017-52980, 2018 N.Y. Misc. LEXIS 8435 (Sup. Ct. Dutchess Cnty. Oct. 23, 2018) (CPLR § 215(8)(a) inapplicable where incidents charged in criminal action and those alleged in civil action occurred on different dates); *McElligott v. City of N.Y.*, 15-cv-7107 (LGS), 2017 U.S. Dist. LEXIS 201829, at *13 (S.D.N.Y. Dec. 7, 2017) (CPLR § 215(8)(a) inapplicable to claims against civil defendants not charged as co-defendants in criminal action, notwithstanding same events gave rise to both actions).

*Gallina* is especially instructive. In that case, an individual sued an attorney for battery and other claims based on the core allegation that, over the course of two years, the attorney committed various sexual misconduct against the plaintiff, including sexual assault. 2018 N.Y. Misc. LEXIS 8435, at *1. Defendant had also been criminally charged with forceable touching

5

for incidents that occurred with the plaintiff in 2017. *Id*. at *3. The court dismissed as time-barred plaintiff's battery counts based on incidents alleged to have occurred in 2016. *Id*. at *2-3.

In doing so, the court rejected plaintiff's argument that CPLR § 215(8)(a) applied to the 2016 incidents, finding:

> Plaintiff argues that the July and October 2016 incidents are part of the same ongoing course of events as the February, March and May 2017 incidents and should therefore be deemed timely commenced … the case law does not support Plaintiff's interpretation of … CPLR §215(8)(a). The criminal instruments … demonstrate that Defendant was charged for incidents occurring on three (3) specific dates … Pursuant to CPLR §215(8)(a), tolling would apply only to claims based on these dates, "because it was only in connection with the events of these [three] days that a criminal prosecution was commenced against the defendant." *Christodoulou v. Terdeman*, 262 AD2d 595, 596 [2d Dept. 1999]. As criminal charges were not commenced with respect to the July 2016 and October 2016 events, the tolling provisions of CPLR §215(8) do not apply. *Id*. at *3-4.

Here, Plaintiff asserts a much more tenuous connection between this action and the Indictment than the one unsuccessfully asserted by the plaintiff in *Gallina* (and the other cited cases). Therefore, the Court should reject Plaintiff's argument for the application of CPLR § 215(8)(a).

In Plaintiff's response to Defendants' pre-motion letter, Plaintiff asserts three erroneous arguments for application of CPLR § 215(8)(a). <u>First</u>, Plaintiff argues that CPLR § 215(8)(a) does not require the Indictment to expressly identify Plaintiff as one of Decedent's victims. This is a strawman argument: no one argues otherwise.

However, Plaintiff is required to show – but is unable to show under the circumstances here – that this action and the Indictment arise from the same event; they do not. Not only does the Indictment not refer to the Plaintiff—it does not refer to misconduct of the type that Plaintiff alleges here. The Indictment could not be clearer: it concerns *sex trafficking of minors*. Plaintiff

6

does not allege she was a minor when Decedent sexually assaulted her. Nor does she allege anything establishing she was a sex trafficking victim.

Second, Plaintiff urges a broad construction of CPLR § 215(8)(a) that effectively rewrites it by rendering the limitation therein – "*with respect to the event or occurrence from which a claim governed by this section arises*" – meaningless. Plaintiff effectively argues that, unless the Indictment expressly rules out that it arises from the same event as this action, then Plaintiff is entitled to invoke CPLR § 215(8)(a). That argument is contrary to basic principles of statutory interpretation prohibiting a reading of a statute that would render its words meaningless (*see* 97 NY Jur Statutes § 185), the case law cited above, a plain reading of the Indictment and common sense.

Plaintiff cites a single case in support of her erroneous argument, *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019). However, *Kashef* is factually distinguishable. The civil and criminal actions in that case both arose out of the same conspiracy between BNP and Sudan to violate U.S. sanctions. *Id*. at 63. Here, Plaintiff's allegations – that she was an adult whom Decedent sexually assaulted on a single occasion – do not comport with what is set forth repeatedly in the Indictment—namely, an alleged scheme to *traffic minors*. Nor does Plaintiff sufficiently set forth allegations establishing she was a trafficking victim in any respect. Therefore, while Plaintiff may claim she too is a victim of Decedent, she is *not* a victim by reason of the events giving rise to the Indictment.

Third, Plaintiff urges that principles of statutory interpretation require the Court to construe CPLR § 215(8)(a) "liberally." That is erroneous. The Court should not depart from basic principles of statutory interpretation – which require it to construe CPLR § 215(8)(a) according to its plain terms expressly limiting its application – to determine that it does not apply

7

where, as here, an indictment charges misconduct that is different than what a civil plaintiff alleges. The Court may not interpret CPLR § 215(8)(a) in a manner that would render the limiting clause therein meaningless.

Plaintiff cites a single Third Department case, *Crucible Materials Corp. v. N.Y. Power Auth.*, 50 A.D.3d 1353 (Third Dept. 2008), to support her assertion that the Court must permit her to invoke CPLR § 215(8)(a). Yet *Crucible* does not concern CPLR § 215(8)(a). Further, in that case, the Third Department reaffirmed the principle that, when interpreting a statute, courts "giv[e] clear effect to the plain meaning of the words employed." *Id*. at 1355-56. This is exactly what Defendants argue for here and what Plaintiff argues against—namely, a proper interpretation of CPLR § 215(8)(a) that gives meaning to the words "with respect to the event or occurrence from which a claim governed by this section arises." The Court should reject Plaintiff's attempt to rewrite the statute.

### ii. Plaintiff fails to meet her burden to allege "extraordinary" circumstances sufficient to justify tolling or equitable estoppel

Plaintiff fails to meet her burden to allege extraordinary circumstances sufficient to justify tolling or equitable estoppel. "Second Circuit cases discussing equitable tolling set a stringent standard for its application." *Fairley v. Collins*, 09-Civ-6894 (PGG), 2011 U.S. Dist. LEXIS 26536, at *16 (Mar. 15, 2011 S.D.N.Y.) (Gardephe, J.) (finding equitable tolling did not apply and granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss complaint on statute of limitations grounds). Equitable tolling only applies where a plaintiff is "prevented in some *extraordinary way* from exercising h[er] rights." *Viti v. Guardian Life Ins. Co. of Am.*, 10-cv-2908 (ALC) (MHD), 2012 U.S. Dist. LEXIS 189633, at *30 (S.D.N.Y. Oct. 5, 2012), *adopted by*, 2013 U.S. Dist. LEXIS 174145 (S.D.N.Y. Dec. 11, 2013) (emphasis added) (citing *Smith v.*

*N.Y.C. Dep't of Corr.*, 09-civ-7639, 2010 U.S. Dist. LEXIS 137152, at *2 (S.D.N.Y. 2010); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)).

Under this doctrine, a court may, "under *compelling circumstances*, make *narrow exceptions* to the statute of limitations … 'to prevent inequity.'" *Id*. (emphasis added) (citing *Yesh Diamonds, Inc. v. Yashaya*, No. 09-CV-2016 (DLI) (RER), 2010 U.S. Dist. LEXIS 101744, at *2 (E.D.N.Y. 2010); *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003)). "That the doctrine is to be employed only sparingly -- in '*extraordinary*' and '*compelling*' circumstances -- is reflected in the fact that the *plaintiff bears the burden of persuasion to show that tolling is justified*." *Id*. (emphasis added) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). A late-filing party seeking equitable tolling must also demonstrate she acted with "reasonable diligence" in pursuing her claims during the period she seeks to toll. *Id*. at *32 (citation omitted).

Equitable estoppel only applies where a plaintiff knows her cause of action exists, but the defendant's conduct causes her to delay bringing suit. *See Yesh*, 2010 U.S. Dist. LEXIS 101744, at *5 (E.D.N.Y. Sept. 27, 2010) (citing *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985)). "The rationale behind this equitable doctrine is to protect the person who brings their action after it would normally be barred because she was 'lulled' into believing that she should delay pursuing her cause of action." *Id*. (quoting *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)). Equitable estoppel requires a plaintiff to show: "(i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to h[er] detriment." *Id*. (citation omitted). Tolling is inappropriate where, as here, a plaintiff fails

9

to articulate any acts by a defendant that prevented the plaintiff from timely commencing suit. *See id*. at *6.

Plaintiff does not allege *any* particularized acts by Decedent that prevented her from exercising her rights. (Compl. ¶¶ 13-14.) Nor has Plaintiff alleged that (i) Decedent made a misrepresentation to her and had reason to believe she would rely on it, or (ii) Plaintiff reasonably relied on it to her detriment. Therefore, there is no "extraordinary" basis alleged sufficient to toll the statute of limitations or estop the Co-Executors from asserting a statute of limitations defense.

Plaintiff asserts in her pre-motion letter that her sole allegation that Decedent "made clear to Plaintiff" that he was wealthy and powerful, as well as her various allegations that have no nexus to Plaintiff (e.g., that, generally, Decedent allegedly manipulated his other unidentified victims), constitute "extraordinary circumstances" sufficient to invoke these doctrines. (ECF Doc. 13, § II.) Plaintiff's assertion that such bland, sparse allegations are "extraordinary" is inconsistent with the numerous court decisions in which far stronger allegations are deemed insufficient to justify equitable estoppel or tolling. *See*, *e.g.*, *Conklin v. Maidenbaum*, 12-cv-3606, 2013 U.S. Dist. LEXIS 113975, at *27 (S.D.N.Y. Aug. 13, 2013) (Ramos, J.) (finding equitable tolling inapplicable and dismissing complaint notwithstanding that plaintiffs alleged they reasonably relied on defendants' representations over a period spanning more than ten months and dozens of telephone calls).

Plaintiff alternatively argues in her pre-motion letter that her entitlement to equitable estoppel and tolling are fact issues not subject to rulings on a motion to dismiss. (ECF Doc. 13, § II.) Plaintiff misses the point. Where, as here, a plaintiff fails to *allege* facts that support

10

invocation of an exception to the statute of limitations, there is no issue of fact sufficient to defeat a motion to dismiss on statute of limitations grounds:

> ***If*** properly pled, allegations of equitable estoppel normally create questions of fact which cannot be determined at a motion to dismiss … ***However***, without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds. *See Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 747 F. Supp. 922, 943 (S.D.N.Y. 1990) (dismissing cause of action because plaintiff made no allegation in complaint that "its failure to timely institute its third-party action was due to its justified reliance upon a misrepresentation" by opposing party); *Moll v. U.S. Life Title Ins. Co. of N.Y.*, 700 F. Supp. 1284, 1293 (S.D.N.Y. 1988) ("Plaintiffs have not alleged that defendant caused them to delay in bringing suit on a known cause of action. On the contrary, plaintiffs repeatedly emphasize that they did not discover the alleged . . . violations until long after the limitations period had expired. Equitable estoppel is therefore not appropriate in this case.").

*See Abercrombie v. College*, 438 F. Supp. 2d 243 (S.D.N.Y. 2006) (emphasis added).

Here, as in *Abercrombie*, "Plaintiff has failed to allege any facts that would support invocation of the equitable estoppel doctrine. First, Plaintiff does not identify the misrepresentations or other facts demonstrating fraudulent concealment that could serve as the basis for the claimed equitable estoppel. More particularly, Plaintiff has utterly failed to identify in the Complaint which statements led her to believe that she could delay bringing her lawsuit." *Id*. at 266. Nor does Plaintiff *allege* facts that would support invocation of equitable tolling.

These are pleading deficiencies, not questions of fact.

### D.     Plaintiff's claim for punitive damages fails as a matter of law

Plaintiff's claim for punitive damages fails as a matter of law because it is barred by statute. Courts in this District regularly grant motions to dismiss legally deficient claims for punitive damages. *See, e.g.*, *The Cookware Co. (USA), LLC v. Austin*, No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's

11

bad-faith conduct were conclusory and did not rise to the required level of malice); *SJB v. N.Y.C. Dep't of Educ.*, No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss punitive damages claims because punitive damages were not statutorily available); *Kunica v. St. Jean Fin.*, 97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867, at *26 (S.D.N.Y. July 29, 1998) (Sweet, J.) (granting motion to dismiss claim for punitive damages because, even if conduct alleged in complaint was true, it did not rise to the level necessary to award punitive damages); *Purdy v. Consumers Distrib. Co.*, 648 F. Supp. 980, 981, 984 (S.D.N.Y. 1986) (Cedarbaum, J.) (granting motion to dismiss claim for punitive damages).

Here, New York law applies to the issue of punitive damages because Plaintiff alleges the torts against her took place here. *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" (citations omitted)).

The New York Estates, Powers and Trusts Law bars Plaintiff's punitive damages claim: "For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*." NY EPTL § 11-3.2 (a)(1) (emphasis added).

That is the law in most U.S. jurisdictions, as reflected in the Restatement. *See* Restat. (Second) of Torts § 908 cmt. a ("Punitive damages are not awarded against the representatives of a deceased tortfeasor."). "Also, 'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v.*

12

*Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

In her pre-motion letter, Plaintiff does not dispute that this prohibition on punitive damages in personal injury actions against a decedent tortfeasor's estate is black-letter New York law. Rather, Plaintiff asks the Court to simply delay ruling on the issue of punitive damages until after discovery. However, as there are no facts that would render Plaintiff's punitive damages claim proper, there is no reason to allow it to stand.

Plaintiff seeks to delay the inevitable so she may use the prospect of punitive damages – clearly prohibited as they may be – as (misplaced) leverage over the Co-Executors. This would serve no legitimate purpose. It would also impede productive settlement discussions. Plaintiff's punitive damages claim, like the punitive damages claims in the cases cited above, should be dismissed.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 24, 2020

Respectfully submitted,

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
212.704.6000


By: */s/ Bennet J. Moskowitz*
    Bennet J. Moskowitz

*Attorneys for Defendants*